**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RITA JOVES,<br>    Appellant, | DOCKET NUMBER<br>SF-0353-13-4238-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>    Agency. | DATE: September 10, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Guillermo Mojarro</u>, Upland, California, for the appellant.

<u>Catherine V. Meek</u>, Long Beach, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant is an employee who has partially recovered from compensable injuries she suffered in 2003 and 2008. Initial Appeal File (IAF), Tab 6 at 11. In April 2013, she was given a limited duty assignment in the Los Angeles Customer Call Center. *See* IAF, Tab 3 at 5-6, Tab 5 at 6.[2] On July 22, 2013, that limited duty assignment was ended and the appellant was instructed to report to a "stand by" position in the manager district office. *See* IAF, Tab 5 at 6. She did so, without being given any actual duties until August 21, 2013, when the appellant accepted the agency's offer of a limited duty assignment as a Customer Care Agent. *See* IAF, Tab 5 at 4-6, Tab 6 at 11-12. It was undisputed that the appellant was in a pay status during the period from July 22, to August 21, 2013. *See* IAF, Tab 6 at 14-28.

_____

[2] The April 2013 offer and acceptance of this limited duty assignment is documented in Tab 24 (at 89) of the Initial Appeal File of MSPB Docket No. SF-0752-12-0654-B-1, which concerns an alleged denial of restoration in June 2012.

¶3        The appellant alleged that, during the period from July 22, to August 21, 2013, she was directed to stay in a particular management office for 8 hours per day, except to use the restroom, and was not allowed to use the phone to talk with anyone or to be out on the floor.  IAF, Tab 5 at 6.  She alleged that the "segregation which she was subjected to was abusive and akin to [being] tortured" and that the circumstances of her treatment during this period were so unreasonable as to amount to a denial of restoration.  *Id.* at 4-5.  The administrative judge noted that the Board has found that a job offer may be tantamount to a denial of restoration when the duties offered are outside an employee's medical restrictions but found that this case did not involve such an offer.  IAF, Tab 9, Initial Decision (ID) at 7.  The administrative judge acknowledged the appellant's contention that placing her in the management office without duties was "akin to [being] tortured" but concluded that the appellant's placement into a full-time paid stand-by status for an interim period was not tantamount to a denial of restoration.  ID at 7.

¶4        In a timely filed petition for review, the appellant makes the same contentions she made below.  Petition for Review File, Tab 1.

## ANALYSIS

¶5        As the administrative judge indicated, one of the requirements in establishing jurisdiction over an appeal under 5 C.F.R. § 353.304(c) is that the agency have denied an employee's request for restoration.  *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012).  The Board has ruled that a job offer may be deemed tantamount to a denial of restoration if the offered duties are outside the employee's medical restrictions.  *Paszko v. U.S. Postal Service*, 119 M.S.P.R. 207, ¶ 9 (2013).  We are aware of no cases, and the appellant has identified none, in which the Board has found a denial of restoration for a period in which the appellant was in a full pay status.  Accordingly, we affirm the administrative judge's determination that the Board lacks jurisdiction over this appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.